IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR, | No. C 15-0806 RMW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| OAKLAND POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. Plaintiff's motion to proceed in forma pauperis is granted in a separate order. For the reasons stated below, the court dismisses the complaint.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In his complaint, plaintiff alleges that he was arrested in 1991 for rape. In 1993, plaintiff was told by the Oakland Police Department that evidence had been accidentally destroyed before defense counsel could have it independently tested. Ultimately, plaintiff was convicted and sentenced to a term of 28 years. In April 2011, plaintiff's defense counsel informed him that she had discovered that the evidence said to have been destroyed was actually available at the time of trial, and had not been destroyed until seven years after plaintiff's conviction – in December 2000. No one at the Oakland Police Department had informed plaintiff prior to the destruction of the evidence. Plaintiff alleges that the Oakland Police Department deprived j ko "qh the right to a fair trial and requests damages.

Plaintiff's complaint essentially seeks to challenge his conviction. In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Id. at 487.

When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

1  demonstrate that the conviction or sentence has already been invalidated.  Id. at 487.  Here,
2  plaintiff's claim is essentially a claim that the government failed to preserve evidence, in
3  violation of California v. Trombetta, 467 U.S. 479, 489 (1984), and/or, the government
4  suppressed material evidence, in violation of Brady v. Maryland, 373 U.S. 83 (1963).  In either
5  case, should plaintiff prove successful in his claim, it would necessarily call into question the
6  validity of his conviction.  As a result, plaintiff underlying claim is barred by Heck.  See, e.g.,
7  Rodriguez v. Kwok, 2014 WL 2110256, at *2-*3 (N.D. Cal. May 20, 2014) (Illston, J.) Ciria v.
8  Rubino, 2008 WL 4287558, at *4-*7 (N.D. Cal. Sept. 17, 2008) (Chesney, J.).
9      Accordingly, plaintiff's complaint is barred by Heck.  Because no amount of amendment
10  would cure the deficiencies of the complaint, this action is DISMISSED without prejudice.

**CONCLUSION**

12      This action is DISMISSED without prejudice.  The Clerk shall terminate all pending
13  motions as moot, enter judgment and close the file.
14      IT IS SO ORDERED.
15  DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
16  United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON LEE STARR,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>OAKLAND POLICE DEPARTMENT et al,<br><br>　　　　　Defendant.　　　　　　　　　／ | Case Number: CV15-00806 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 12, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Shannon Lee Starr ALJ-123
Alameda County Santa Rita Jail
8-A-1
5325 Broder Boulevard
Dublin, CA 94568

Dated: June 12, 2015

　　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　　By: Jackie Lynn Garcia, Deputy Clerk